THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
NO. 2:01-CV-19T

| | | |
|---|---|---|
| UNITED STATES *ex rel.* KAREN T. WILSON, | ) ) | NOTICE OF MOTION AND MOTION TO |
| Plaintiff, | ) | DISMISS BY DEFENDANTS GRAHAM |
| V. | ) ) | COUNTY SOIL AND WATER CONSERVATION DISTRICT, GERALD |
| GRAHAM COUNTY SOIL AND | ) | PHILLIPS, ALLEN DEHART, JIMMY |
| WATER CONSERVATION DISTRICT | ) | ORR, AND LLOYD MILLSAPS; AND |
| *et al..* | ) | MEMORANDUM |
| Defendants | ) | (Rules 12 and 9, F.R. Civ. P.) |

TO PLAINTIFF AND ALL INTERESTED PARTIES HEREIN:

PLEASE TAKE NOTICE that the Defendants named above hereby move for dismissal of the Complaint against them pursuant to Rule 12(b)(6) and rule 9(b) of the Federal rules of Civil Procedure on the grounds that it fails to state a claim upon which relief can be granted. This motion is based upon the court file and records in this action, the accompanying memorandum of points and authorities and upon such additional evidence which may be presented at or before any hearing which may be set by the Court.

Dated: January 18, 2002.

Ben Oshel Bridgers
Bridgers & Ridenour, PLLC
PO Box 248
Sylva, NC 28779
Phone: 828-586-3131
Fax: 828-586-3763
NC Bar No. 483

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
NO. 2:01-CV-19T

UNITED STATES *ex rel.* KAREN T.
WILSON,
        Plaintiff,

v.

GRAHAM COUNTY SOIL & WATER
CONSERVATION DISTRICT et al.
        Defendants.

## MEMORANDUM OF POINTS AND AUTHORITY

### I. INTRODUCTION

#### A. FALSE CLAIMS ACT

The Relator Karen T. Wilson has filed this *qui tam* action under the False Claims Act, in which the United States has declined to intervene or assume primary responsibility for prosecuting under the Act. The Relator has named 26 individuals as defendants, together with two county boards of commission and two soil and water conservation districts, seeking to collect statutory treble damages, civil fines, costs and attorney fees for alleged violations under the Act in administering soil and water programs following a flood in 1995.

#### B. MOVING DEFENDANTS

The moving Defendants are the Graham County Soil & Water Conservation District and five individuals who are the present members of the District Board: Gerald Phillips, Allen DeHart, Jimmy Orr, Lloyd Millsaps and Raymond Williams. Raymond Williams was a member of the Graham County Board of Commissioners during the times described in the

1

Complaint and is listed as an answering party in the Motion to Dismiss for the Graham County Board of Commissioner filed by Scott D. MacLatchie, Esq.

### C. MOTION TO DISMISS

The moving Defendants have filed a motion to dismiss for failure to state a claim upon which this Court may grant relief under the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure. These Defendants have also moved to dismiss the claims of Relator under the provisions of Rule 9(b) of the Federal Rules of Civil Procedure for failure of the Plaintiff to plead the elements and existence of fraud with the required particularity.

## II. THE RELATOR'S TWO CLAIMS UNDER THE FALSE CLAIMS ACT ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION.

Relator Wilson filed suit in this Court on January 25, 2001 based upon acts occurring between the time she was hired as a part-time secretary by the Graham County SWCD on January 18, 1993 (Complaint, para. 39) until she resigned on March 3, 1997, effective March 7, 1997. (Complaint, para. 88) Suit was filed three years and 325 days after her resignation, which she alleges to have been a "constructive discharge." (Complaint, para. 97) Relator seeks to recover compensatory and treble damages under the False Claims Act, 31 U.S.C. 3729 et seq., together with attorneys fees.

Relator is not entitled to recover damages from these Defendants because her claims are barred by the applicable statutes of limitation. In North Carolina, the statutory repose is limited to three (3) years from the occurrence in the following types of claims: action grounded on Fraud (N.C.G.S. 1-52(9); action for liability created by state or federal statute (N.C.G.S. 1-52(2);

2

action for intentional infliction of emotional distress (N.C.G.S. 1-52(5); action for wrongful discharge (N.C.G.S. 1-52(5); action based upon express or implied contracts (N.C.G.S. 1-52(1). The statutory repose period for claims against a local unit of government upon an express or implied contract is two (2) years (N.C.G.S. 1-53(1).

The Federal Claims Act itself provides that a claim under the Act may not be brought "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances." 31 U.S.C. 3731(b)(2). The Federal Act creates liability to the federal government for false claims in section 3729; in section 3730(b) it creates the right for an action to be brought by a private person; in section 3730(h) it creates a separate claim for employment discrimination. In the present case, "facts material to the right of action" were known to the federal government more than three years prior to this action being filed.

On the face of the Complaint, the Relator states that she "reported those [fraudulent] activities to the NRCS in December of 1995" (Complaint, para 59); that she sent a letter to NCRS on December 11, 1995 "detailing accusations of fraud and false claims against the SWCD Board and others" (Complaint, para. 64); then, that based on the December 11, 1995 letter, "the Office of Inspector General ("OIG") of the USDA contacted Relator Wilson in late December, 1995." (Complaint, para. 65) Thus, it is clear from the Compliant, that the United States Department of Agriculture was informed of these alleged "fraudulent activities" *more than five (5) years prior* to the filing of this Complaint. These Defendants are therefore entitled to have the claims against them dismissed as not being timely filed within the three years required.

3

This conclusion is buttressed by the fact that two of the named individual defendants in this action, Richard Greene and William Timpson, both employees of the Natural Resources Conservation Service, have been criminally prosecuted in the United States District Court for specific activities in connection with their supervision of projects in Graham County. Even after charging these two Defendants with criminal violations, the federal government failed to pursue a civil collection claim against any of the named Defendants in the present case within three years of learning of the "facts material to the right of action" and then further declined to actively pursue the claim of the Relator following her filing In Camera, more than *five* years later, all of which supports the untimeliness of this Complaint.

For these reasons, both Counts of the Complaint should be dismissed against the Graham County Soil and Water Conservation District and the individual members, past and present, including the individually named Defendants Gerald Phillips, Allen DeHart, Jimmy Orr, Lloyd Millsaps and Raymond Williams.

### III. THE RELATOR MAY NOT BRING SUIT IN FEDERAL COURT AGAINST THE GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT UNDER THE QUI TAM PROVISIONS OF THE FALSE CLAIM ACT.

In the present case a private individual seeks to recover compensatory and punitive damages as well as costs and attorneys fees from a North Carolina governmental entity under the False Claims Act on behalf of the United States. Such an action against a state agency was denied by the Supreme Court only eight months prior to the filing of the present action. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 146 LEd2d 836 (May 22, 2000).

In *Stevens*, the Supreme Court held that while the False Claims Act does give a private individual *standing* to sue in federal court on behalf of the United States, the Act "does **not** subject a State (or state agency) to liability in such actions." 146 LEd 2d at 855.(Emphasis added)

The Graham County SWCD is not a "state agency" but it is a "governmental subdivision of the state" authorized by North Carolina statute with a Board consisting of three elected and two appointed members. N.C.G.S..139-6 & 7. The North Carolina statute provides:

> A soil and water conservation district organized under the provisions
> of this Article shall constitute a governmental subdivision of the State,
> and a public body corporate and politic, exercising public powers * * *.
> N.C.G.S. 139-8(a)

For purposes of the ruling in *Stevens*, the SWCD is a *"municipal corporation,"* which term under North Carolina law "should not be construed narrowly to include only cities, towns, counties and school districts, but * * * includes *all* public corporations exercising governmental functions within constitutional limitations." *Sides v. Cabarras Mem. Hospital*, 22 N.C.App. 117, 120, *modified and aff'd*, 287 N.C. 14 (1975)(Emphasis added).

Although the party in *Stevens* was a state agency rather than a local government, the Supreme Court had previously prohibited punitive damages from being awarded against "municipal corporations" under a similar rationale in *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 69 LEd2d 616 at 630 (1981). The North Carolina Court has likewise rejected punitive damages against "municipal corporations." *Long v. City of Charlotte*, 306 N.C. 187 (1982).

Inasmuch as the rationale of the Supreme Court in *Stevens* for the False Claims Act is identical with its rationale in *Newport* and with the result of North Carolina Court in *City of*

5

*Charlotte*, this Court should dismiss the Relator's claims against the Graham County SWCD. There is no basis under any of these cases to support an award of punitive damages against a state local government entity.

The *Amicus* brief filed by the United States in opposition to the Defendants motions to dismiss, asserts that the legislative history of the Act does not indicate Congress intended to exclude counties from liability under the statute. The *Amicus* argues that counties have a different constitutional status than states, which are not entitled to immunity as "sovereign entities." The *Amicus* argument, however, misses the point. *Stevens* did not exempt the state from the False Claims Act under the Eleventh Amendment.

> We of course express no view on the question whether an action in federal court by a *qui tam* relator against a State would run afoul of the Eleventh Amendment, but we note that there is "a serious doubt" on that score.
> 146 L Ed 2d at 854.

*Stevens* does not turn on an Eleventh Amendment immunity but upon the "presumption against imposition of punitive damages on governmental entities." *Id.* At 853. The *Stevens* Court cited *Newport* with approval, a case in which a city was sued under 42 U.S.C. 1983. The *Newport* Court stated:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct.
> 69 L Ed 2d at 632.

After a detailed review of common law history concerning punitive damages, the Court concluded:

> In sum, we find that considerations of history and policy to not support exposing a municipality to punitive damages for the bad-faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because

6

that immunity is compatible with both the purposes of 1983 and general
principles of public policy, we hold that a municipality is immune from
punitive damages under 42 USC 1983.
*Id.* at 634-635.

The *Stevens* Court pointed out the basis for applying this policy in a footnote, saying:

the False Claims Act was intended to cover all types of *fraud*, not for the
additional proposition that the False Claims Act was intended to cover all
types of *fraudsters*, including States.
147 L Ed 2d 851, FN 10.

It is clear, from *Stevens* and *Newport* and the policy, statutes and decisions in North Carolina, that this state governmental entity is not a "person" for a *qui tam* action under the False Claims Act and that the Graham County SWCD is not subject to "liability in such actions."

## IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT WAS NOT PLED WITH THE PARTICULARITY REQUIRED BY RULE 9.

Rule 9(b) of the Federal Rules of Civil Procedure requires claimants to plead allegations of fraud with particularity. The circumstances required to be pled with "particularity" are: (1) the time, place, and contents of the false representation, (2) the identity of the person making the misrepresentation, and (3) what the person obtained thereby. Wright & Miller, Federal Practice and Procedure: Civil, Sec 1297 at 590 (2d ed 1990).

The purposes of the Rule are fourfold: (1) to insure the Defendants have sufficient information to formulate a defense by putting it on notice of the conduct complained of, (2) to protect Defendants from frivolous suits, (3) to eliminate fraud actions in which all the facts are learned after discovery, and (4) to protect Defendants from harm to their goodwill and reputation. *Harrison v. Westinghouse Savannah River Company,* 173 F3d 776 (4th Cir. 1999).

7

In the present case, the Relator has filed numerous claims against 26 individual Defendants and 4 municipal corporation Defendants, in broad, sweeping and conclusory allegations set out in more than 100 paragraphs and numerous subparagraphs, alleging conspiracy among and between all the Defendants, with many of the allegations based "upon information and belief." Few dates or individual transactions are specified, and *none* of the allegations identify what benefit, if any, was obtained by Graham County SWCD Board or its individual named members as a result of these alleged improper "claims." None of the moving Defendants are accused of receiving funds from the alleged false claims nor are these public officials and employees stated to have received any other "benefit" therefrom.

These pleadings constitute a "fishing expedition" by the Relator, with the allegations falling short of Rule 9(b)'s heightened pleading requirements. Substantially most of the allegations of Relator constitute descriptions of poor management rather than actionable claims and there is no statement concerning the extent of federal, state and county funding for any of the programs and claims referenced in the Complaint. The pleadings relating to these Defendants are set forth below:

### A. The Federal Emergency Watershed Protection Program.

(1) The Complaint alleges the Graham County SWCD Board approved payment to Defendant Keith Orr (who was not a Graham County SWCD Board member) for $5,130 on June 20, 1995 "knowing that the claim was *improper*" because Keith Orr "was ineligible to receive funds under the [EWP-216] program because of his *conflict of interest* as inspector and because there had been *no bidding* on the contract." Keith Orr is alleged to have submitted "several other *improper* requests for payment" approved by the Board "despite their knowledge of their

8

*impropriety*" for the same reasons, including an August 31, 1995 check for $6,725 and October 4, 1995 check for $2,700. (Complaint, paragraph 43 a-c.)

(2) The Complaint alleges that Defendant Gerald Phillips "conspired with Orr and others" to get Orr's claims paid and instructed the Relator to pay the claims "whether or not Orr had done the work or not," with the claims alleged to be improper because "Keith Orr had not performed some or any of the work for which he filed claims for payment and for which he was paid."

It should be noted that these claims are based upon a Plan of Operation prepared by a North Carolina agency for USDA funds totaling $30,745, for the 1995-96 year, which were to reimburse the SWCD for 75% of the installed quantities.

## B. North Carolina Agricultural Cost Share Program.

(1) The Complaint alleges that three other Defendants made false claims between 1993 and 1996 under this program and that "*Upon information and belief,* these illegal sales were done in conspiracy with the SWCD boards and/or county commissions for the respective counties." (Paragraph 48 c.) The Complaint further alleges that: "On or around February 20, 1996, the Graham County SWCD Board was made aware that Defendant Keith Orr had *not submitted* any Cost Share Program *plans* for the year, which are *required by the program*, yet no action was taken against Defendant Keith Orr." (Paragraph 48 g.)

It should be pointed out that the funds under this program are exclusively state funds and no federal funds were used in it. For this reason, the allegations and claims under this program should be dismissed.

## C. Farm Services Agency Programs.

(1) The only allegation against any of these moving Defendants consists of the following:

9

"Defendants presented false claims and/or made or caused to be made false records or statements to get false claims paid and/or conspired to defraud the United States Government by getting false or fraudulent claims paid under FSA programs." (Paragraph 52)

### D. Other False Claims Act Violations.

The additional allegations against the moving Defendants are included in the broad allegations against all 26 individuals and all four government bodies, as set forth in paragraph 55 of the Complaint:

    a. The Defendants failed to set up the required personnel policies and procedures.
    b. Defendants falsified wage and salary reports.
    c. Defendants approved various budgets for projects funded, in whole or in part, by federal funds, in violation of applicable guidelines and requirement.
    d. Defendants approved and disbursed funds to pay "ghost" bids.
    e. Defendants approved and disbursed the funds for the improper double billing of claims and projects.
    f. Defendants approved and disbursed funds in the absence of a contract, despite the program requirement that there be an existing contract.
    g. Defendants approved and disbursed funds to Defendant Keith Orr under Ghost names.

### E. These Pleadings are Fatally Defective.

These pleadings are defective for several reasons. The Supreme Court has cautioned that the False Claims Act was not designed to punish every type of fraud committed on the government. *United States v. McNinch*, 356 U.S. 595, 2 LEd2d 1001 (1958)(involving claims for credit insurance by lender from Federal Housing Authority), nor will the Court find liability merely for non-compliance with a statute or regulation. *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F3d 899, 902 (5th Cir. 1997). Even falsified signatures on forms not themselves a claim for payment may not be the basis for a claim. *U.S. ex rel. Berge v. Bd. Of Trustees of Univ. of Ala.*, 104 F3d 1453, 1459 (4th Cir.) cert den. 118 S.Ct. 301 (1997). Most significantly

10

for the present case, the allegations of breaches of contractual and fiduciary duty are no more than allegations of poor and inefficient management of contractual duties, which are not compensable claims. *Harrison v. Westinghouse Savannah River Company*, 173 F3d 776 (4th Cir. 1999).

The only allegations concerning these moving Defendants which involve any specificity are those set forth involving Defendant Keith Orr in IVA above, which provide dates and specific dollar amounts, however, those allegations refer only to administrative irregularities. The allegations describe Keith Orr's actions as "improper" because of a "conflict of interest" because there was "no bidding." There is no allegation here that the work which was billed and paid for had not been requested, approved and performed, that the billing was inaccurate or that the work was defective or incomplete.

The allegations further recite that Defendant Gerald Phillips "conspired with Orr and others" because this Defendant directed the Relator to pay an unspecified amount for an unspecified project on an unspecified date, on the grounds that Defendant Keith Orr "had not performed some or any of the work." There is no meaningful way for Defendant Gerald Phillips to frame a responsive pleading to these vague allegations that may have occurred sometime between 1993 and 1996.

In IVB above, the allegations of fraud based "upon information and belief" are patently insufficient to satisfy the requirements of Rule 9(b) and the allegation that "on or around February 20, 1996" the Graham County Board was "made aware" that Keith Orr had not submitted plans on the project is merely another instance of an alleged administrative irregularity not rising to a claim of fraud, there not being any allegation that the work was defective or not

11

performed. *Eickhorn v. American Completion and Development,* 706 F.Supp. 1087 (SDNY 1989).

In IVC above, paragraph 52 consists of nothing more than a non-specific general conclusory allegation of false claims and conspiracy to defraud, again not approaching the Rule 9(b) standard. Finally, the laundry list of allegations in paragraph 55 is another litany of administrative errors or improprieties without specificity that falls short of meaningful identification which would allow the moving Defendants to frame a meaningful response.

Defendants submit that these pleadings, as they relate to these Defendants, do not meet the pleading standards for fraud mandated by Rule 9(b) and the claims should be dismissed.

## V.   CONCLUSION.

The present Complaint presents a broad brush treatment of two federal funded programs (Emergency Watershed Program and Farm Service Agency Program) administered by the State of North Carolina Department of Agriculture and Defendant Graham County Soil & Water Conservation District in 1995 and 1996. The claims should be dismissed because they exceed the statutory period of repose and because the pleadings lack the requisite specificity to provide notice to these Defendants so they can prepare a proper defense.

If Relator's allegations in the Complaint are accepted as true, as they must be for the pending motions to dismiss, every county commissioner and every soil and water conservation director in two counties was involved in a conspiracy and directly participated in a series of fraudulent acts resulting in the defrauding of the United States government. Such allegations are extremely serious and certainly could have adverse consequences on the reputations of these

12

officials and the confidence of the general public in the integrity of each of these local government officials.

These alleged transactions occurred more than five years prior to the filing of the complaint and more than six years from the filing of this motion. In spite of the more than 100 paragraphs, the only specific financial transactions mentioned in the Complaint pertaining to these Defendants refer to relatively small amounts of money ($5,130.00 and $6,725.00 and $2,700) with the factual allegations referring to administrative deficiencies rather than defective or non-existent work for which the government had been wrongfully charged. The Relator should not be permitted to allege such sweeping charges of corruption without reasonable specificity.

Finally, the ruling of the Supreme Court in the *Stevens* case a mere eight months before this Complaint was filed makes this suit border on frivolous, since the prohibition of collecting punitive damages from state governments is of long standing and universal acceptance. For all these reasons, the moving Defendants pray the Court to dismiss all claims against these Defendants.

Respectfully submitted this __18__ day of January, 2002.

Bridgers & Ridenour, PLLC

_____
Ben Oshel Bridgers
PO Box 248
Sylva, N.C. 28779
Ph: 828-586-3131
Fax: 828-586-3763
N.C. Bar No. 483

13

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this Notice of Motion and Motion to Dismiss the foregoing action upon all other parties to this cause by depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed to the attorneys of record for said parties.

TO:  A. Todd Capitano, Esq.
Bishop, Capitano & Abner, P.A.
4521 Sharon Road, Suite 350
Charlotte, NC 28211

William Timpson
1536 Coalville Road
Marble, NC 28905

Mark T. Hurt, Esq.
159 West Main Street
Abingdon, VA 24210

Ronald Cowan, Esq.
McKeever, Edwards, Davis & Hayes, PA
P.O. Box 595
Murphy, NC 28906

Brian S. McCoy, Esq.
339 East Main Street, Suite 101
Rock Hill, SC 29730

Zeyland G. McKinney, Jr., Esq.
P.O. Box 1549
Robbinsville, NC 28771

R. Scott Lindsay, Esq.
Hyde, Hoover & Lindsay
P.O. Box 580
Murphy, NC 28906

Charles Lane
P.O. Box 288
Robbinsville, NC 28771

Roy H. Patton, Jr., Esq.
Killian, Kersten, Patton & Kirkpatrick, PA
P.O. Drawer 1260
Waynesville, NC 28786

Ted Orr
1467 East Buffalo Circle
Robbinsville, NC 28771

Bernice Orr
1467 East Buffalo Circle
Robbinsville, NC 28771

Paul Taylor, Esq.
Assistant United States Attorney
U.S. Courthouse, Room 233
100 Otis Street
Asheville, NC 28801

Michael F. Hertz
Michael D. Granston
Elizabeth I. Hack
Civil Division
U.S. Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC 20044

This the 18th day of January, 2002.

                                        **BRIDGERS & RIDENOUR, PLLC**

                                        _/s/ Ben Oshel Bridgers_
                                        Ben Oshel Bridgers
                                        Attorney for Defendants
                                        PO Box 248
                                        Sylva, NC 28779
                                        (828) 586-3131