# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:01CV19

| | | |
|---|---|---|
| UNITED STATES *ex rel.*, KAREN T. WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT; GRAHAM COUNTY; CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT; RICHARD GREENE, in his individual capacity; WILLIAM TIMPSON, in his individual capacity; KEITH ORR, in his individual and official capacities; RAYMOND WILLIAMS, in his official capacity; DALE WIGGINS, in his official capacity; GERALD PHILLIPS, in his individual and official capacities; ALLEN DEHART, in his official capacity; and LYNN CODY, in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's untimely response to the previous Order of June 13, 2006, and her motion to reconsider the Court's Order of July 11, 2006.

Because the Plaintiff failed to respond, the Court entered an order on July 11, 2006, addressing the issues to which no response had been provided. Counsel now advises that his failure to respond was due to serious health issues. However, there are three different Plaintiff's counsel, any one of which should have undertaken to respond to the Court's Order. Nonetheless, in the interest of justice, the Court has considered the responses made in the untimely filing.

The Order of June 13, 2006, clearly directed that the Plaintiff was either to dismiss Defendants Millsaps, Tipton, Newton and/or Wood or file a motion for leave to amend the complaint in order to add specific allegations as to these Defendants. In the untimely response, Plaintiff's counsel advises the Court that he did not deem it necessary to amend the complaint in view of the allegations generally made.

In the June 13, 2006 Order, the undersigned specifically noted that the general allegations were insufficient. The Court is not in the habit of taking direction from attorneys: when the Court orders an attorney to take

one of two actions, that attorney must take one of those actions or face the possibility of contempt proceedings.

The Court finds the response to paragraph 4 of the Order sufficient, *albeit* untimely.

Likewise, the Court specifically directed counsel to clarify the allegations against Defendants Jerry Williams and Billy Brown. The Court finds the response as to Brown sufficient only because it is alleged that he participated in a conspiracy to submit false claims to the Government. As to Defendant Jerry Williams, the sole allegation of the complaint is confusing. ***See, e.g., United States ex rel Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 225 (1st Cir. 2004) ("Evidence of an actual false claim is 'the *sine quo non* of a False Claims Act violation.'").** The same applies to the allegations against Defendant Gerald Phillips in paragraph 36(c) of the second amended complaint.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to reconsider is **ALLOWED**, and that on or before **JULY 31, 3006**, Plaintiff's counsel may file an amended complaint to address the issues raised in this Order. Upon such filing, the Court will review the complaint to ascertain whether it has in fact cured the deficiencies cited. In the event that no

amended complaint is filed, the Order of July 11, 2006, shall remain in effect, as amended herein.

**IT IS FURTHER ORDERED** that this action shall proceed against Defendant Allen DeHart in his official capacity only, against Defendants Keith Orr and Gerald Phillips in their official and individual capacities, and against Defendants William Timpson and Richard Greene only in their individual capacities. The caption shall be corrected to so reflect.

Signed: July 14, 2006

Lacy H. Thornburg
United States District Judge