# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

## CIVIL NO. 2:01CV19

| | |
|---|---|
| **UNITED STATES *ex rel.*, KAREN T. WILSON,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **Vs.** | ) ) ) |
| **GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT; GRAHAM COUNTY; CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT; RICHARD GREENE, in his individual capacity; WILLIAM TIMPSON, in his individual capacity; KEITH ORR, in his individual and official capacities; GERALD PHILLIPS, in his official capacity; RAYMOND WILLIAMS, in his official capacity; DALE WIGGINS, in his official capacity; ALLEN DEHART, in his official capacity; LLOYD MILLSAPS, in his official capacity; BILLY BROWN, in his individual capacity; LYNN CODY, in his official capacity; BILL TIPTON, in his official capacity; C. B. NEWTON, in his official capacity; and EDDIE WOOD, in his official capacity,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

# O R D E R

**THIS MATTER** is before the Court on the following motions which are addressed *seriatum*.

**A.**   **The motion of Defendants Cherokee County Soil & Water Conservation District, Bill Tipton, C. B. Newton, and Eddie Wood (Cherokee County Defendants) to deem requests admitted due to the Plaintiff's failure to file response, filed October 30, 2006.**

On August 11, 2006, the Cherokee County Defendants served their first set of requests for admission and second set of requests for production.  **Exhibit A,** *attached to* **Defendants' Motion.**  The following week, Defendants' counsel verified with other recipients of the requests that the same had been received.  **Defendants' Memorandum in Support of Motion, ¶ 3.**  However, no response was received from the Plaintiff.  *Id.*, **¶ 1.**  As a result, the Cherokee County Defendants move that the requests be deemed admitted.

Inexplicably, Plaintiff's counsel claim that they did not receive this pleading which the Cherokee County Defendants' attorney has certified as having been served.  **Affidavit of Mark T. Hurt,** *attached to* **Relator Wilson's Motion for Leave to Serve Late Responses to Requests for**

**Admissions, filed November 13, 2006, ¶ 2; Affidavit of Brian S. McCoy,**
***attached to* Relator Wilson's Motion for Leave, *supra*, ¶'s 2, 3.**
However, Plaintiff's counsel admit that local counsel, Todd Capitano, did
receive the discovery requests but failed to notify them thereof. *Id.*, ¶ 6.

The Court has endeavored repeatedly to focus Plaintiff's counsel on
the prosecution of this action. **Order, filed August 14, 2006, at 2 ("In a
series of sternly worded Orders, the undersigned has endeavored to
force the Plaintiff's attorney to follow its instructions so that this case
may be placed back in a posture for prosecution.).** Despite cautionary
instructions from the Court and a pretrial conference, Plaintiff's counsel
have yet again been remiss. Local counsel received the pleading but failed
to communicate with other counsel. However, one of the purposes of local
counsel is to receive the service of pleadings. ***See* Local Rule 83.1.** The
Court is sorely tempted to grant the Defendants' motion. Out of an
abundance of caution, that will not be done; however, Plaintiff's counsel
are hereby placed on notice that no future such dispensations will be
granted. Failure to abide by the letter of every order entered in this action
and by the letter of each rule of civil procedure will result in dire
consequences.

Counsel for the Cherokee County Defendants, may move, in their discretion, for an award of attorneys' fees in connection with this motion.

**B.    Plaintiff's motion for leave to serve late responses.**

For the reasons stated *infra*, this motion is allowed.  No other such motion shall be granted in the future.

**C.    The motion of the Cherokee County Defendants to prohibit the introduction into evidence of items which the Plaintiff has failed to produce.**

The parties have characterized this as a motion *in limine* in which the Defendants seek to preclude the introduction of certain evidence as a sanction for discovery violations.  The Defendant claims there are three items which exist but which the Plaintiff has failed to produce: (1) 17 audio tapes; (2) documents in the possession of LeVourn Wiggins; and (3) the Plaintiff's personal diaries.  It is premature to determine a motion *in limine* as it is the custom of the undersigned to address such issues at the time of trial.

**IT IS, THEREFORE, ORDERED** that the motion of the Cherokee County Defendants to deem requests admitted is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Plaintiff's motion to file responses late is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the motion *in limine* of the Cherokee County Defendants is **DENIED** without prejudice to renewal at the time of trial; and

**IT IS FURTHER ORDERED** that discovery has closed and the Court will not entertain any further motions related to discovery disputes;

**IT IS FURTHER ORDERED** that the Plaintiff shall not receive and may not request any leave for late filing or extensions of time to file or respond or otherwise plead in any manner in connection with any matter remaining for litigation in this action.

Signed: December 6, 2006

Lacy H. Thornburg
United States District Judge