# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:01CV19

| | |
|---|---|
| UNITED STATES *ex rel.*, KAREN T. WILSON, ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | **MEMORANDUM AND O R D E R** |
| GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT, *et al.*, ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the Court on the Defendants' motions for awards of attorneys' fees and Plaintiff's motions to strike.

## I.  PROCEDURAL HISTORY

By Memorandum of Opinion and Judgment filed March 13, 2007, the undersigned entered summary judgment for the Defendants and dismissed the action with prejudice.  Among the rulings made in connection with decision were the following:

A. **The issue of a jurisdictional bar pursuant to the False Claims Act (FCA).**

1. The jurisdictional bar of the FCA applies to claims that Orr's alleged status as a local inspector was a conflict of interest and that the local county agencies improperly failed to entertain bids for his work.

2. Plaintiff's allegations concerning the alleged involvement of Greene, Timpson, Billy Brown, Charles Lane, Cheryl Lane and G&L Farms with improprieties in the North Carolina Agricultural Cost Sharing Program were the subject of a prior report of the North Carolina Department of Environment, Health and Natural Resources and the jurisdictional bar applies.

3. The Plaintiff failed to show she was an original source of information related to the conduct of Greene and thus, the jurisdictional bar applied.

4. The jurisdictional bar applied to evidence that Greene inappropriately sold timber and was involved with G&L Farms while a federal employee.

5. Greene admitted all of his culpability during an agency investigation prior in time to any disclosure by the Plaintiff and, therefore, the jurisdictional bar applies.

B. **The motion for summary judgment of Graham County, Raymond Williams, Wiggins and Cody.**

1. The Plaintiff failed to show any evidence of the submission of false claims in connection with the 630 project agreement.

2. The Plaintiff failed to bring forth any evidence in opposition to summary judgment related to Defendants Raymond Williams and Cody.

3. The Plaintiff failed to bring forth evidence of a conspiracy involving Graham County and Wiggins.

4. There was no obligation by either Graham County or the Graham County Soil & Water Conservation District (Graham District) to seek bids; therefore, there was no violation of the Act.

5. The Plaintiff failed to show that Orr, Graham County or the Graham District made a materially false statement to the federal government which caused the expenditure of funds.

6. There was no prohibition against allowing Orr, as an employee of Graham District, to perform the contract. Moreover, federal employees were aware that Orr was doing so; therefore, the government knowledge defense applies.

**C.    The motion for summary judgment of Graham District, Phillips, DeHart and Millsaps.**

1. For the same reasons as above, summary judgment for these Defendants was appropriate.

2. Orr's status as a local inspector did not create a conflict because he could not be paid and was not paid until inspection occurred by a federal agent.

3. The federal government had full knowledge of the circumstances involving the contract and the execution thereof and the defense of government knowledge applied.

4. In response to the motion, the Plaintiff failed to bring forth any evidence of individual conduct by Phillips, DeHart or Millsaps. She also failed to show a conspiracy.

**D.  The motion for summary judgment of Defendants Cherokee County Soil & Water Conservation District (Cherokee District), Tipton, Wood and Newton.**

1. The Plaintiff's allegations against the individual Defendants are based on her claim that bidding should have occurred and, therefore, fail.

2. The other claims fail because the Plaintiff did not show that a false claim for payment was submitted to the federal government.

**E.  The motion for summary judgment of Defendants Greene, Orr and Billy Brown and a ruling for Timpson in his *pro se* capacity.**

1. The public disclosure doctrine bars claims against these Defendants.

2. A previous federal investigation concluded there was no agreement among these men.

3. Moreover, the Plaintiff failed to show that a false claim was presented in connection with the Cherokee District contract.

The undersigned, therefore, dismissed this action with prejudice.

## II.  STANDARD OF REVIEW

The FCA provides that where the United States does not elect to intervene in an action under the Act and the case is conducted by the relator,

> the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and

> the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment.

**31 U.S.C. § 3730(d)(4).**[1] An award of attorneys' fees is justified if any one of these three grounds is established. ***Mikes v. Straus*, 274 F.3d 687, 704-05 (2d Cir. 2001).**

In determining whether an action is frivolous, a plaintiff's subjective intent or bad faith is not an element as long as the claims are objectively frivolous. *Id.* **at 705.** "A claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law." *Id.*

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." ***Pfingston v. Ronan Eng'r Co.*, 284 F.3d 999, 1006 (9th Cir. 2002); *United States ex rel Bain v. Georgia Gulf Corp.*, 208 F. App'x 280 (5th Cir. 2006).** Likewise, finding that an action was vexatious "'in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award

---

[1] Each Defendant improperly cited the statute as 31 U.S.C. § 3739(d)(4).

against him.'" ***United States ex rel Grynberg v. Praxair, Inc.***, **389 F.3d 1038, 1058 (10th Cir. 2004),** *cert. denied*, **545 U.S. 1139 (2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).**

> Evidence of vexatiousness or an intent to harass on the part of a plaintiff includes, but is not limited to, actions that deliberately delay the proceedings, attempts to relitigate a previously decided claim against the same defendant, the raising of new allegations in an effort to circumvent the arguments in a defendant's motion to dismiss, and the inclusion of counts for which the available evidence "defeat[s] any inference of a false claim."

***United States ex rel. J. Cooper & Assocs., Inc. v. Bernard***, **422 F.Supp.2d 225, 238 (D.D.C. 2006) (quoting *Mikes v. Straus*, 98 F.Supp.2d 517, 527(S.D.N.Y. 2000)) (internal citations omitted).**

"Under the proper circumstances, a single defect may merit a ruling on frivolousness or vexatiousness." ***United States ex rel Bain***, ***supra*, at 283.** And, an action that may not have been frivolous, vexatious or intended to harass when filed may eventually satisfy one of the three grounds. ***Id.***; ***Grynberg v. Praxair, Inc.***, **183 F. App'x 724 (10th Cir. 2006).**

## III. DISCUSSION

The Court first considers the Plaintiff's motion to strike portions of the motions for attorneys' fees due to a failure of defense counsel to comply with Local Rule 7.1 which requires that a motion "show that counsel have met and attempted in good faith to resolve areas of disagreement and should set forth which issues remain unresolved." Counsel claims that in the case of *Joiner v. Choicepoint Services, Inc.*, 2006 WL 2716090 (W.D.N.C. 2006), the undersigned denied a motion to amend for failure to comply with the colloquially known "meet and greet" rule. However, the undersigned actually denied a motion to be relieved of the obligation to comply with the rule. In that same case, the Court also denied a motion to compel because counsel had failed to comply with the Local Rule. However, that denial was without prejudice; once counsel complied, the Court reconsidered the motion. *Id.* The Court, therefore, rejects the characterization that this motion should be summarily denied because defense counsel failed to include the Rule 7.1 certification within the motion.

Plaintiff also claims that the Court may not now consider the Defendants' position that they did, in fact, attempt to comply with the Rule

but failed to include that certification within the motion. Counsel for the Cherokee District and Graham District state that on the same day they filed the motion, they sent an e-mail to Plaintiff's counsel asking to pursue settlement of the issue of attorneys' fees.

The Court finds the position of Plaintiff's counsel overly strident. The Defendants were faced with a deadline for filing the motion. The Court does not find that sending an e-mail on the same day as but prior in time to filing the motion is a sanctionable action based on the history of this case. The other Defendants did include a certification of compliance with Rule 7.1, to no avail.

This case has been contentiously litigated from its initiation. From the beginning of the action, the Plaintiff's complaint was not a model of clarity. This prompted motions to dismiss because the Defendants were unable to ascertain whether they were sued in their official or individual capacities since the complaint alleged both but failed to make specific allegations against them for individual actions. Some Defendants were dismissed early on in their individual capacities for lack of specificity. Others were dismissed at the summary judgment stage for the same

reason. Other Defendants were dismissed from the action by the filing of an amended complaint.

In addition, the allegations of fraud pled in the complaint were not pled with specificity. Allegations of fraud contained within Sections C and D of the complaint were dismissed for lack of specificity. And, as noted *infra* the allegations of conspiracy were lacking; indeed, summary judgment was ultimately granted on that claim for lack of evidence.

A motion to dismiss based on the statute of limitations was the subject of appellate review both at the Fourth Circuit, which reversed the undersigned, and the Supreme Court, which reversed the Fourth Circuit.

The Court finds that although Plaintiff's counsel struggled with drafting a sufficiently specific complaint, the Plaintiff's conduct up to the point of remand from the Supreme Court and Fourth Circuit was not frivolous, vexatious or intended to harass. However, almost simultaneously with the return of the case, that conduct changed. For example, counsel for the Cherokee District became seriously ill, requesting an extension of discovery and other deadlines. Plaintiff's counsel would not agree to suspend a deposition which had already been scheduled absent a ruling from the Court on the motion to extend. Plaintiff filed a third

amended complaint without permission which included claims and parties which had previously been dismissed with prejudice. This prompted another round of motions to strike and to dismiss, including an allegation that the Plaintiff was attempting to "resurrect claims previously dismissed."

On August 14, 2006, the undersigned ordered Plaintiff's counsel to show cause why he should not be sanctioned, noting

> [i]n a series of sternly worded Orders, the undersigned has endeavored to force the Plaintiff's attorney to follow its instructions so that this case may be placed back in a posture for prosecution. The most recent such Order required the Plaintiff to file an amended complaint to correct errors which were brought to the parties' attention. Inexplicably, the Plaintiff's attorney now files an amended complaint which, while correcting the errors noted, retained in the complaint causes of action which were dismissed with prejudice by Order entered on September 19, 2002. Order after order which have been entered in this case since the remand from the Fourth Circuit has addressed and clarified the issues, claims and parties remaining for trial. It has been pointed out more than once that these claims no longer remain in the case. There is simply no excuse for re-inserting claims that were dismissed almost four years ago.

**Order, filed August 14, 2006, at 2 (internal citation omitted).** At the pretrial conference held with the parties, the Court heard from Plaintiff's counsel and declined to impose sanctions.

Thereafter, the parties embarked on a course of contentious discovery. By Order entered December 6, 2006, the undersigned noted

> [t]he Court has endeavored repeatedly to focus Plaintiff's counsel on the prosecution of this action. Despite cautionary instructions from the Court and a pretrial conference, Plaintiff's counsel have yet again been remiss. Local counsel received the pleading but failed to communicate with other counsel. However, one of the purposes of local counsel is to receive the service of pleadings. The Court is sorely tempted to grant the Defendants' motion. Out of an abundance of caution, that will not be done; however, Plaintiff's counsel are hereby placed on notice that no future such dispensations will be granted. Failure to abide by the letter of every order entered in this action and by the letter of each rule of civil procedure will result in dire consequences. Counsel for the Cherokee County Defendants, may move, in their discretion, for an award of attorneys' fees in connection with this motion.

**Order, filed December 6, 2006, at 3-4.** Although those Defendants did not proceed with a motion for attorneys' fees, the Court was sufficiently frustrated with Plaintiff's counsel to extend the invitation.

Yet, the very next week, December 12, 2006, the undersigned had another occasion to deal with Plaintiff's counsel lack of diligence. Counsel filed an "Emergency Motion" for an extension of time to respond to the Defendants' motions for summary judgment because a deposition transcript had been lost.

> On September 29, 2006, the deposition of Defendant Billy Brown was conducted by Plaintiff's counsel. The Pretrial Order and Case Management Plan provided that discovery would close on November 1, 2006, and dispositive motions were to be filed no later than December 1, 2006. Plaintiff's counsel admit that they did not inquire as to the status of the deposition

transcript for Defendant Brown. Indeed, it appears that a defense attorney called the court reporting service to inquire about the transcript which prompted that service to admit to Plaintiff's counsel by letter sent December 1, 2006, and received December 4, 2006, that the deposition had not been successfully recorded due to computer error. Although the court reporting service was aware of the problem, they did not disclose it until defense [counsel] called to inquire as to the status of the transcript. As soon as defense counsel learned of this situation, James Longest . . . offered to re-conduct Brown's deposition on December 7 or 8 or any time during the week of December 11, 2006. The attorneys for other Defendants made similar offers. Indeed, counsel for one of those Defendants called the reporting service and received a promise that the transcript would be produced within 48 hours. All defense counsel claim that Plaintiff's counsel never responded to this offer. Instead, Plaintiff's counsel filed this "emergency motion" requesting the Court to extend the time within which they must respond to the motions for summary judgement until 14 days after the deposition is re-conducted, an event which they claim will occur no later than January 10, 2007.

The Court will not grant Plaintiff's motion. Although the loss of the transcript and the inability to reproduce it are not the fault of the Plaintiff or her counsel, counsel failed to assure that the transcript was produced. Indeed, it does not appear that Plaintiff's counsel would have known at all that the transcript was missing but for the inquiry made by a defense attorney. Thus, it does not appear, and counsel have not alleged, that the deposition is actually necessary. In fact, counsel alleged merely that "Brown's testimony *potentially* is relevant to each of the defendants' motions." Since counsel was present at the deposition, if the testimony were actually relevant counsel should have been able to so state.

**Order, filed December 12,2006, at 2-4 (internal citations omitted).**

Of grave concern to the Court is the so-called "errata sheet" which the Plaintiff served in opposition to the motions for summary judgment. In this document, she purported to "correct" her deposition testimony. As noted in the Memorandum of Opinion, the Plaintiff actually attempted to change her sworn deposition testimony.

The first issue is whether an award of attorneys' fees pursuant to 31 U.S.C. § 3730(d)(4) may be granted based on the conduct of the Plaintiff's counsel, as opposed to her own conduct.

> The plain language of the [FCA] does not indicate that fees may be awarded against an attorney. Rather, the statute merely provides, that "the court may award to the defendant its reasonable attorneys' fees and expenses." Congress adopted a standard for fees that is directly analogous to that of 42 U.S.C. § 1988. Section 1988 does not authorize the award of fees against an attorney. In the absence of any indication that Congress intended a different result, [the Court finds] that the award of attorneys' fees against an attorney is not authorized by the [FCA].

***Pfingston*, 284 F.3d at 1006 (quoting 31 U.S.C. § 3730(d)(4)) (other internal citations omitted).**[2] The Court, therefore, finds that attorneys'

---

[2] Of course, an attorney remains subject to sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, but no such motion is before the Court.

fees may not be awarded against Plaintiff's counsel. Nor does the Court find that it may attribute to the Plaintiff the conduct of her attorney.

In determining whether an award against the Plaintiff individually is warranted, the Court is bound to accept that the Plaintiff was acting under the advice of counsel. The Court cannot expect that she would have been apprised of the public disclosure jurisdictional bar or the government knowledge defense, especially since most of the Defendants did not raise either issue.

Defendant Williams argues that the Plaintiff never showed a factual basis for the claim against him and points out that he was dismissed by the Plaintiff after he gave notice of his intent to file a motion for Rule 11 sanctions. However, the fact that the Plaintiff did dismiss that Defendant prior to the filing of the motion for Rule 11 sanctions deprives the undersigned of the ability to impose sanctions. **Fed. R. Civ. P. 11(c)(1)(A); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004); *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 305-06 (E.D. Va. 2004) ("Thus, a motion for sanctions must not be filed if the alleged violation is corrected by the opposing party within the twenty-one day 'safe harbor' period.").** And, based on the fact that Congress

has turned to Rule 11 as well as 42 U.S.C. § 1988 for guidance with the FCA, the Court finds that attorneys' fees are not warranted. When faced with the possibility of Rule 11 sanctions for a frivolous pleading, the Plaintiff dismissed it. **Praxair, supra**; **Pfingston, supra**; **United States ex rel. J. Cooper & Assocs.**, 422 F.Supp.2d at 238, n.17.

Defendant Orr argues that fees are justified because the Plaintiff claimed that (1) he failed to perform work; (2) overcharged for seeding; (3) performed work under a contract that was not let out to bid; (4) failed to prove her conspiracy allegations; and (5) submitted a false errata sheet. The Court cannot find that the claim against Orr was "utterly lacking in legal merit and evidentiary support." **Mikes, supra**. Rather, it appears, once again, that Plaintiff's counsel simply applied the wrong legal standards to Orr's conduct.

Defendant Greene's motion for attorneys' fees is based almost entirely on the public disclosure doctrine and government knowledge defense. Of every Defendant involved, Greene's conduct was the most culpable; indeed, his federal indictment is proof thereof. However, yet again, the Court does not find that the Plaintiff may be punished for her attorneys' failure to recognize and apply those doctrines.

Of all the Defendants, the allegations against Billy Brown were the most egregious because he was so far removed from the comings and goings of the counties and the projects. However, the general, broad claims of his attorney for an award of fees is insufficient to show that the Plaintiff acted frivolously, vexatiously or with the intent to harass. She relied on the conspiracy theory, a theory advanced by her attorney.

Defendants Graham District, Phillips, Dehart and Millsaps moved for an award of attorneys' fees; however, their attorneys noted that as employees of the North Carolina Attorney General, their services were rendered without any requirement for payment by the Defendants. No legal authority has been cited for the proposition that attorneys' fees may be imposed where the defendant has not been obligated to actually pay for such fees. The Court, therefore, will not grant the motion. The same reasoning applies to the motion of Defendants' Cherokee District.

The final motion for fees is that of Defendants Graham County, Wiggins, Cody and Raymond Williams. Again, the Court is troubled by the lack of evidence supporting any claims against Cody and Williams. However, because the Plaintiff was pursuing a conspiracy theory, supposedly on the advice of counsel, the Court cannot find the claims were

frivolous, vexatious or intended to harass. The same reasoning applied to Graham County and Wiggins, as discussed in the decision dismissing this action.

In sum, the Court finds that the Plaintiff acted on the advice of counsel.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motions for awards of attorneys' fees are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motions to strike are **DENIED**.

Signed: August 14, 2007

Lacy H. Thornburg
United States District Judge