THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:01cv19

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* KAREN T. WILSON, )<br>)<br>        Plaintiff, )<br>)<br>        vs. )<br>)<br>GRAHAM COUNTY SOIL & )<br>WATER CONSERVATION DISTRICT, )<br>*et. al.*, )<br>)<br>        Defendants. )<br>        ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals, 399 F.Appx. 774 (4th Cir. 2010) [Doc. 329] and the mandate thereof [Doc. 330].

## PROCEDURAL HISTORY

In 1995 the United States Department of Agriculture (USDA) entered into contracts with two counties in North Carolina authorizing them to perform, or to hire others to perform, cleanup and repair work in areas that had suffered extensive flooding. The Federal Government agreed to shoulder 75 percent of the contract costs. Respondent Karen T. Wilson was at that time an employee of the Graham County Soil and Conservation District, a special-purpose government body that had been delegated partial responsibility for coordinating and performing the

remediation effort.  Suspecting possible fraud in connection with this effort, Wilson voiced her concerns to local officials in the summer of 1995.  She also sent a letter to, and had a meeting with, agents of the USDA.

Graham County officials began an investigation.  An accounting firm hired by the county performed an audit and, in 1996, issued a report (Audit Report) that identified several potential irregularities in the county's administration of the contracts. Shortly thereafter, the North Carolina Department of Environment, Health, and Natural Resources issued a report (DEHNR Report) identifying similar problems.  The USDA's Office of Inspector General eventually issued a third report that contained additional findings.

In 2001 Wilson filed this action, alleging that petitioners, the Graham County and Cherokee County Soil and Water Conservation Districts and a number of local and federal officials, violated the False Claims Act (FCA) by knowingly submitting false claims for payment pursuant to the 1995 contracts.  She further alleged that petitioners retaliated against her for aiding the federal investigation of those false claims.  Following this Court's review of the statute of limitations applicable to Wilson's retaliation claim, <u>Graham County Soil & Water Conservation Dist. v. United States ex rel</u>. <u>Wilson</u>, 545 U.S. 409, 125 S.Ct. 2444, 162 L.Ed.2d 390 (2005), the Court of Appeals ordered that that claim be dismissed as time barred.  424 F.3d 437 (C.A.4 2005).  On remand, the District Court subsequently dismissed Wilson's *qui tam* action for lack of jurisdiction.  The court found that Wilson had failed to refute that her action was based upon allegations publicly disclosed in the Audit Report and the DEHNR Report.  Those reports, the District Court determined, constituted "administrative ... report[s], ... audit[s], or investigation[s]" within the meaning of the FCA's public disclosure bar, 31 U.S.C. §3730(e)(4)(A).

The Court of Appeals reversed the judgment of the District Court because the reports had been generated by state and local entities.   "[O]nly *federal* administrative reports, audits or investigations," the Fourth Circuit concluded, "qualify as public

2

disclosures under the FCA." 528 F.3d 292, 301 (2008) (emphasis added). The Circuits having divided over this issue, [the Supreme Court] granted *certiorari* to resolve the conflict. 557 U.S. __, 125 S.Ct. 823, 160 L.Ed.2d 609 (2009).

<u>Graham County Soil and Water Conservation Dist. v. U.S. *ex rel*. Wilson</u>, 130 S.Ct. 1396, 1400-01, 176 L.Ed.2d 225 (2010). In resolving that conflict, the Supreme Court held that the reference to "administrative" reports, audits, and investigations in §3730(e)(4)(A) encompasses disclosures made in state and local sources as well as federal sources. <u>Id</u>., at 1398. Finding the Fourth Circuit's interpretation erroneous, the Supreme Court reversed and remanded. <u>Id</u>.

On remand, the Fourth Circuit acknowledged the Supreme Court's ruling "that the public-disclosure bar is not limited to federal reports and audits, but also applies to reports, audits, and the like conducted or issued by state and local governments." <u>United States *ex rel*. Wilson v. Graham County Soil & Water Conservation District, *et. al*</u>., 399 F.Appx at 775 (4th Cir. 2010).

> The Supreme Court's opinion, of course, establishes the scope of the public-disclosure bar. The Court's opinion, however, does not affect our previously expressed view that a remand to the district court is required before we can consider the substance of Wilson's claims. As is relevant to this case, the public-disclosure bar strips courts of jurisdiction over FCA actions that are "based upon the public disclosure of allegations or transactions in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation." As noted in our prior opinion, the district court did not make the necessary factual findings to establish that Wilson's claims were "based upon" any

3

> of the reports at issue in this case. The district court likewise failed to make the requisite findings to establish that the reports at issue were in fact publicly disclosed. Given the jurisdictional nature of the public-disclosure bar, these subsidiary issues must be resolved before we can proceed to consider the merits of the Wilson's FCA claims.

Id. at 775-76

The Fourth Circuit thus instructed this Court[1] to make the necessary factual determinations as to (1) whether the relevant federal, state or local governmental audits, reports, hearings or investigations were publicly disclosed; (2) whether Wilson's claims were derived from any such public disclosures; and (3) if both of these requirements have been met, reconsider whether Wilson qualifies as an original source for any claims. Id. The Circuit also directed that "the district court shall permit the parties to submit additional evidence as may be necessary for the court to make the factual determinations upon which the jurisdictional questions turn." Id.

In light of the Fourth Circuit's decision, the Court finds that a status conference is necessary. At that status conference the parties are directed to be prepared to address what further evidence, if any, needs to be presented, and in what manner this case needs to proceed in order to accord with the Fourth Circuit's decision.

---

[1] Upon the retirement of Judge Thornburg, the case was reassigned to the undersigned.

4

## ORDER

**IT IS, THEREFORE, ORDERED** that the parties shall appear at a status conference in this matter on December 6, 2011,[2] in Bryson City.

Signed: October 19, 2011

Martin Reidinger
United States District Judge

---

[2] The status conference will be scheduled for the afternoon of December 6, 2011, at a time yet to be determined by the Clerk of Court.