# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:01-cv-00019-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. KAREN T. WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT, et al., <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Request for Leave to Redepose Defendant Billy Brown. [Doc. 361]. Defendants Graham County, Dale Wiggins, Raymond Williams, Lynn Cody, Graham County Soil and Water Conservation District, Gerald Phillips, Allen Dehart, Lloyd Millsaps, Cherokee County Soil and Water Conservation District, Bill Tipton, C.B. Newton, and Eddie Wood ("Moving Defendants") oppose the Plaintiff's motion. [Doc. 362].

# I. PROCEDURAL BACKGROUND

The procedural history of this case, as is relevant to the present motion, was previously summarized by United States District Judge Lacy H. Thornburg[1] as follows:

> On September 29, 2006, the deposition of Defendant Billy Brown was conducted by Plaintiff's counsel. The Pretrial Order and Case Management Plan provided that discovery would close on November 1, 2006, and dispositive motions were to be filed no later than December 1, 2006. Plaintiff's counsel admit that they did not inquire as to the status of the deposition transcript for Defendant Brown. Indeed, it appears that a defense attorney called the court reporting service to inquire about the transcript which prompted that service to admit to Plaintiff's counsel by letter sent December 1, 2006, and received December 4, 2006, that the deposition had not been successfully recorded due to computer error.
>
> Although the court reporting service was aware of the problem, they did not disclose it until defense called to inquire as to the status of the transcript. As soon as defense counsel learned of this situation, James Longest, who represents Defendants Cherokee County Soil & Water Conservation District, Bill Tipton, Eddie Wood and C.B. Newton, offered to re-conduct Brown's deposition on December 7 or 8 or any time during the week of December 11, 2006. The attorneys for other Defendants made similar offers. Indeed, counsel for one of those Defendants called the reporting service and received a promise that the transcript would be produced within 48

---

[1] Upon Judge Thornburg's retirement in 2009, the case was reassigned to the undersigned.

2

> hours. All defense counsel claim that Plaintiff's counsel never responded to this offer.
>
> Instead, Plaintiff's counsel filed [an] "emergency motion" requesting the Court to extend the time within which they must respond to the motions for summary judgment until 14 days after the deposition is re-conducted, an event which they claim will occur no later than January 10, 2007.

[Doc. 254 at 2-3]. The Court denied the Plaintiff's motion for an extension of time, noting that the Plaintiff had failed to show that Brown's deposition testimony was essential to justifying the Plaintiff's opposition to the pending summary judgment motions. [Id. at 3 (noting that plaintiff's counsel had "alleged merely that 'Brown's testimony *potentially* is relevant to each of the defendants' motions")].

Thereafter, the Plaintiff filed her responses to the Defendants' summary judgment motions, along with declarations of counsel filed pursuant to Rule 56(f) [now Rule 56(d)] of the Federal Rules of Civil Procedure. [Docs. 255-258]. Those declarations stated that Brown needed to be redeposed because Brown was a "named Defendant" and his deposition "is necessary to present facts essential to justify Wilson's opposition to the defendants' summary judgment motion." [See, e.g., Declaration of Mark Hurt, Doc. 258-2 at ¶3]. On March 13, 2007, Judge Thornburg entered an Order denying the Plaintiff's request to conduct a new

deposition of Defendant Brown, noting that the Plaintiff still had failed to identify "any portion of Brown's previous testimony that would support her case." [Doc. 274 at 98].

The Court granted the Defendants' motions for summary judgment on the grounds that the Court lacked subject matter jurisdiction over the action, and the case was dismissed. [Id. at 99]. The Plaintiff appealed both rulings to the Fourth Circuit Court of Appeals. Because the Fourth Circuit reversed on the jurisdictional issue, it did not address the propriety of Judge Thornburg's ruling on the Plaintiff's Rule 56(f) [now Rule 56(d)] motion.

## II.  DISCUSSION

Judge Thornburg's prior orders denying the Plaintiff additional time to redepose Defendant Brown are interlocutory rulings, which the Court may reconsider at its discretion at any time prior to the entry of a final judgment. See American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). As a general rule, the Court will reconsider an interlocutory order where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Akeva L.L.C. v. Adidas America, Inc., 385 F.Supp.2d 559, 566 (M.D.N.C. 2005). Ultimately, the decision whether to reconsider or modify an interlocutory

order is a matter within the discretion of the Court. <u>American Canoe Ass'n</u>, 326 F.3d at 515.

Here, the Plaintiff has not identified any intervening change in law or any newly discovered evidence which would justify reconsideration of Judge Thornburg's prior orders. Moreover, the Plaintiff fails to demonstrate any clear error in Judge Thornburg's rulings or any manifest injustice that would result therefrom. In seeking reconsideration of Judge Thornburg's orders, the Plaintiff continues to rely on her blanket assertion that Defendant Brown's deposition is necessary to "present facts essential to justify" her opposition to the Defendants' summary judgment motions. Yet, the Plaintiff still fails to identify any information gleaned from Defendant Brown's previous deposition which would be essential to justifying such opposition. <u>See</u> Fed. R. Civ. P. 56(d) (2015). Accordingly, the Plaintiff's request for leave to redepose Defendant Billy Brown is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Request for Leave to Redepose Defendant Billy Brown [Doc. 361] is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge