# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:01-cv-00019-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. KAREN T. WILSON | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT, GRAHAM COUNTY, CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT, RICHARD GREENE, in his individual capacity, WILLIAM TIMPSON, in his individual capacity, KEITH ORR and GERALD PHILLIPS, in their individual and official capacities, RAYMOND WILLIAMS, in his official capacity, DALE WIGGINS, in his official capacity, ALLEN DEHART, in his official capacity, LLOYD MILLSAPS, in his official capacity, JERRY WILLIAMS, in his individual capacity, BILLY BROWN, in his individual capacity, LYNN CODY, in his official capacity, BILL TIPTON, in his official capacity, C.B. NEWTON, in his official capacity, and EDDIE WOOD, in his official capacity. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on the Plaintiff Relator Wilson's

Application For The Entry Of A Default Judgment Against Defendant William

Timpson [Doc. 429], pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

I.  **PROCEDURAL BACKGROUND**

Relevant to the instant matter, the Plaintiff filed a Complaint[1] on January 25, 2001, alleging that the Graham County and Cherokee County Soil and Water Conservation Districts (SWCD) and a number of local and federal officials, including Defendant William Timpson (Defendant), violated the False Claims Act (FCA) by knowingly submitting and conspiring to submit false claims for payment pursuant to Government contracts awarded in 1995. [Doc. 1].

On November 21, 2001, a Return of Service was filed indicating that Defendant was personally served by delivery of the summons and complaint to his wife at his home address, and that Defendant's Answer was due on December 6, 2001. [Doc. 9]. On December 10, 2001, the Defendant filed a Motion to Extend the Time to Answer Plaintiff's Complaint [Doc. 51], and an Order was issued granting the Defendant an additional twenty days in which to file his Answer. [Doc. 56]. The record reflects, however, that the

---

[1] Plaintiff twice amended her Complaint. [Docs. 99, 184]. The latest revision is captioned "Third Amended Complaint" and is hereinafter referred to as Plaintiff's "Complaint."

Defendant did not file an Answer, nor make any other filing or appearance for the remainder of the litigation.

On October 22, 2015, upon Motion by the Plaintiff, the Clerk entered a default against the Defendant. [Doc. 409]. The Plaintiff subsequently resolved the case against all the Defendants except for William Timpson, and filed two Settlement Agreements [Docs. 428-1, 428-2], and a Stipulation of Dismisal [Doc. 431] in conformity therewith. On December 1, 2015, the Plaintiff filed the instant motion seeking the entry of Default Judgment and an award of damages and penalties in the amount of $64,734.00. [Docs. 429, 429-1]. Specifically, the Plaintiff asks this Court to: find that the Defendant committed six FCA violations, award the $5,000 minimum statutory penalty for each violation, and award treble damages as to the actual damages incurred. [Doc. 429-1]. Defendant Timpson has filed no response to said motion.

Plaintiff's Motion for Default Judgment is now ripe for resolution.

## II. DISCUSSION

The Court begins by addressing the preliminary issue of its jurisdiction. Plaintiff brings this action pursuant to 31 U.S.C. 3732(a) and 28 U.S.C. § 1331. Taken together, these statues vest in federal district courts the jurisdiction to resolve claims alleging a violation of the FCA. Accordingly,

this Court has subject matter jurisdiction over the claims against the Defendant.  See 31 U.S.C. 3732(a), 28 U.S.C. § 1331.

The Court next finds that the Defendant is in default.  The entry of default is a prerequisite to the entry of a default judgment.  Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06CV264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006).  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  Here, the record indicates that the Plaintiff moved for the entry of default against the Defendant, and that the clerk entered such default on October 22, 2015.  [Doc. 409].  Having found that the Court has jurisdiction and the Defendant is in default, the Court now turns to consider whether a default judgment in favor of the Plaintiff is appropriate in this case.

A motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure.  Fed R. Civ. P. 55.  Rule 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules."  United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982).  A defaulting party is deemed to admit the factual allegations of the Plaintiff's complaint, but is not held to admit conclusions of law or

4

allegations regarding liability that are not well-pleaded.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir.2001).  A plaintiff's burden in moving for default judgment is not satisfied by simply pleading facts; rather, the plaintiff's complaint must also state a cognizable claim to which his or her well-pleaded facts provide support and show an entitlement to relief.  See Id.

In her Complaint, Plaintiff asserts several violations of the FCA by the Defendant.  The FCA provides that any person who –

> conspires to defraud the Government by getting a false or fraudulent claim allowed or paid . . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . .

31 U.S.C. § 3729(a)(1994).  In FCA cases involving standard procurement contracts where the government orders a particular product or good, the measure of damages may be calculated as the difference between the amount paid and the market value of the product or good actually received.  See U.S. ex rel. Longhi v. United States, 575 F.3d 458, 473 (5th Cir. 2009).  "[W]here there is no tangible benefit to the government and the intangible benefit is impossible to calculate, it is appropriate to value damages in the amount the government actually paid to the Defendant [as a result of the Defendant's false claims]".  Id. (rejecting a benefit-of-the-bargain calculation

of damages where the tangible benefits of the contract ran to third parties, not the government, and the intangible benefit of providing eligible deserving businesses with grants was lost as a result of the defendant's fraud).

Here, Plaintiff alleges in her Complaint that: "[p]ursuant to the Emergency Watershed Protection Program, a disaster relief program funded by the United States Government, a grant program . . . was instituted . . . for assistance [with] damages to streams and creeks caused by a storm in February 1995" [Doc. 184 at ¶ 28]; defendant Keith Orr, an inspector for the program, submitted claims he knew were "improper . . . because of his conflict of interest as inspector and because there had been no bidding on the contract as required . . . " [Id. at ¶ 31(a)]; and that Defendant Timpson conspired with Orr and defendant Billy Brown to get Orr's false claims paid [Id. at ¶¶ 31(f), 31(j)].

The Relator further sets forth in her Complaint the specific amounts of the payments made by the Government on the false claims at issue and in which Defendant participated. [Id. at ¶¶ 31(c), (l)]. Therefore, it is unnecessary for the Court to conduct a hearing as to the amount of the Government's actual damages. It is, therefore, further alleged and deemed

admitted that the Defendant conspired to get six[2] false claims paid in the amounts of $6,725, $2,700, $3,834, $2,997, $1,188, and $1,134. [Id. at ¶¶ 31(c),(f),(j),(l)]. Relator therefore has alleged in her Complaint and asserts in her Motion for Default Judgment that the total false claims for which Defendant Timpson is responsible as a conspirator is $18,578.00. This amount is deemed admitted.

Considering these well-pleaded factual allegations as true, the Court concludes that the Plaintiff is entitled to a judgment against the Defendant for his liability arising from these six false claims made in violation of the FCA. For these violations, the Defendant is liable to the United States Government for a total civil penalty of $30,000, equal to $5,000 for each of the six alleged violations. See 31 U.S.C. § 3729(a)(1994); United States v. Grannis, 172 F.2d 507, 515 (4th Cir. 1949) (imposing ten statutory penalties for ten violations). In addition, the Defendant is liable for damages in an amount equal to three times the actual amount paid by the Government for the six claims for which Defendant Timpson is held responsible. See 31 U.S.C. § 3729(a)(1994). Therefore, the United States is entitled to recover $55,734 ($18,578 x 3), plus the $30,000 in penalties, for a total of $85,734.

---

[2] The Plaintiff alleges in her Complaint that there were payments in addition to these six that were in violation of the FCA, but the Plaintiff is only seeking Default Judgment with regard to the six payments itemized here. It is the prerogative of the Relator/Plaintiff to limit the damages sought. See United States ex rel. Bunk v. Gosselin World Wide Moving, N.V., 741 F.3d 390 (4th Cir. 2013).

This amount, however, is properly offset by the $21,000 that the Plaintiff acknowledges has been paid by the now-dismissed defendants in settlement of Plaintiff's allegations involving these specifically identified claims. [See Docs. 428-1, 428-2]. Accordingly, the net amount for which Defendant Timpson is liable to the United States is $64,734. Default judgment will be entered against him in that amount.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry Of A Default Judgment Against Defendant William Timpson [Doc. 429] is **GRANTED**, and the Plaintiff Relator, on behalf of the United States shall have and recover of Defendant Timpson a judgment in the amount of $64,734.

The Clerk of Court is directed to enter a judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: March 9, 2016

Martin Reidinger
United States District Judge