IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:01-cv-00019-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. KAREN T. WILSON | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT, GRAHAM COUNTY, CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT, RICHARD GREENE, in his individual capacity, WILLIAM TIMPSON, in his individual capacity, KEITH ORR and GERALD PHILLIPS, in their individual and official capacities, RAYMOND WILLIAMS, in his official capacity, DALE WIGGINS, in his official capacity, ALLEN DEHART, in his official capacity, LLOYD MILLSAPS, in his official capacity, JERRY WILLIAMS, in his individual capacity, BILLY BROWN, in his individual capacity, LYNN CODY, in his official capacity, BILL TIPTON, in his official capacity, C.B. NEWTON, in his official capacity, and EDDIE WOOD, in his official capacity. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on "Relator Wilson's Motion For Attorney's Fees and Nontaxable Litigation Expenses" as to Defendant

William Timpson [Doc. 434], and independent of that motion, Defendant Timpson's pro se request for a hearing on the default judgment entered against him. [Doc. 436].

I. PROCEDURAL BACKGROUND

The Relator filed a Complaint[1] on January 25, 2001, alleging that the Soil and Water Conservation Districts of Graham County and Cherokee County, and a number of local and federal officials, including Defendant William Timpson (Defendant or Timpson), violated the False Claims Act by knowingly submitting and conspiring to submit false claims for payment pursuant to government contracts awarded in 1995. [Doc. 1].

On November 21, 2001, a Return of Service was filed indicating that Defendant was personally served by delivery of the summons and Complaint to his wife at his home address, and that Defendant's Answer was due on December 6, 2001. [Doc. 9]. On December 10, 2001, the Defendant filed a pro se motion to extend the time to answer Relator's Complaint [Doc. 51], and an Order was issued granting the Defendant an additional twenty days within which to file his Answer. [Doc. 56]. The record reflects, however, that

---

[1] Relator twice amended her Complaint. [Docs. 99, 184]. The latest revision is captioned "Third Amended Complaint" and is hereinafter referred to as Relator's "Complaint." [Doc. 184].

the Defendant did not file an Answer, nor make any other filing or appearance for the remainder of the litigation.

On October 22, 2015, upon Motion by the Relator, the Clerk entered default against the Defendant. [Doc. 409]. The Relator subsequently resolved the case against all the defendants except for Timpson, and filed two Settlement Agreements [Docs. 428-1, 428-2], and a Stipulation of Dismissal [Doc. 431] in conformity therewith. On December 1, 2015, the Relator filed a motion seeking a default judgment awarding her damages and penalties in the amount of $64,734.00 against Timpson. [Docs. 429, 429-1]. Specifically, the Relator asked this Court to (1) find that the Defendant committed six FCA violations, (2) award the $5,000 minimum statutory penalty for each violation, and (3) award treble damages as to the actual damages incurred. [Doc. 429-1]. Defendant Timpson filed no response to said motion. The Court entered a judgment by default against Defendant on March 9, 2016, in the amount of $64,734. [Doc. 432].

In Relator's present motion, she is requesting that the Court award her attorney's fees of $53,794 and nontaxable litigation expenses of $3,857 against Timpson pursuant to 31 U.S.C. § 3730(d)(2) and Federal Rule of Civil Procedure 54(d)(2). [Doc. 434]. Defendant's pro se motion, filed approximately one month after Relator's present motion, does not mention

her motion. [Doc. 436] Instead, Defendant's motion seeks a "hearing on the Default Judgment entered on me 3-9-16." [Id.]. As requested by the Defendant, the Court convened a hearing on June 16, 2016, at which time Timpson appeared pro se and Relator appeared through counsel. Also present was counsel for the United States. Following that hearing, the Court took this matter under advisement. It now issues this Order.

## II.  DISCUSSION

Before reaching Relator's motion, the Court will first address the Defendant's pro se filing. The Court takes this approach because, should the Court conclude that judgment by default was improperly entered against Timpson, it need not reach Relator's request to recover attorney's fees and litigation expenses from him.

Previously, the Court found the Defendant in default and awarded Relator damages pursuant to a default judgment. [Doc. 432]. Though not styled a motion to set aside the default judgment, Defendant's motion did request a "hearing on the Default Judgment[.]" [Doc. 436]. Giving the Defendant the benefit of any doubt underlying his motion, as well as giving him greater leeway than afforded licensed counsel appearing in this matter, the Court treats Defendant's motion as one directed at setting aside the default judgment.

4

A person asking that his default be set aside, pursuant to Fed R. Civ. P. 55(c), and the default judgment be vacated pursuant to Rule 60(b), must show good cause. The Fourth Circuit has set forth several factors for district courts to consider when evaluating this standard. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987). "[W]e we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." Further, the Fourth Circuit requires the district courts to take into consideration "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Moradi, 673 F.2d at 728.

Addressing these factors, the Court finds that Timpson did act with relative diligence in filing his pro se motion to set aside the default judgment. The Court's Order entering judgment by default against him was docketed March 9, 2016 [Doc. 432] and the Defendant filed his motion the following month. [Doc. 436]. The Defendant's diligence post-judgment, however, stands in stark contrast to the manner in which he conducted his affairs from the outset of this case.

The Defendant was served with process in November of 2001. Four days *after* the Defendant's Answer was due to be filed, he requested an extension of time. Despite Timpson's tardy request, the Court granted him a 20-day extension to file an Answer or other pleading. [Doc. 56]. From that point in 2001 until 2015 – some fourteen years – Timpson utterly disregarded the action Relator brought against him. Unlike the circumstances present in Moradi, where the defendant hired counsel who, through a series of errors, failed to prevent the entry of a default judgment, Timpson bears personal responsibility for the default judgment obtained against him. Timpson's indifference to this action began at the beginning, after his receipt of the Relator's Complaint. It was only after his initial answering deadline had passed that Timpson sought an extension of time to respond to the Complaint. Once in receipt of the Court's Order granting him such an extension, however, Timpson proceeded to ignore this case for nearly a decade and a half. Only after receiving a copy of the Court's default judgment awarding Relator a substantial sum did Timpson become attentive to this lawsuit. These facts present clear evidence of dilatory action on his part.

Turning to the other considerations of prejudice to Timpson and the availability of sanctions less drastic, these considerations are informed by

the Court's colloquy with Timpson during the June 16, 2016, hearing. Specifically, the Court asked the Defendant on several occasions whether he could proffer any evidence that, if believed, would establish a meritorious defense:

> One of the -- and I'll be very candid with you, the main thing that I want to hear from you about is as to why the amount of the judgment should be something different from what was entered by the Court. Because one of the things you'll have to show for me to set this aside is that you have some legal argument on which the judgment is erroneous, that I've entered a judgment against you for more than it should have been. And if you can't demonstrate that, then it's sort of a waste of everybody's time for me to set the judgment aside. So, but I don't want to limit you to that. If you have other arguments as well, I will hear from you. I want to be completely fair to you on all counts regarding your motion. So anything else that you have to say, let me hear from you.

[Transcript of 6/16/16 Hrg at 12]. In response, Timpson said he simply did not remember seeking the extension of time after receiving the Complaint, and that he felt it unfair for Relator to obtain a judgment against him when "I mean I really done nothing wrong." [Id. at 13]. Timpson offered no excuse for failing to file an Answer, and further, offered no defense – let alone a meritorious defense – to the allegations leveled against him by Relator. Returning to the Fourth Circuit's considerations, while the default judgment against Timpson may be financially prejudicial to him, no lesser sanctions are available to the Court. This is especially so given the Defendant's failure

7

to proffer any meritorious defense which would warrant vacating the default judgment and permitting a jury to consider his version of events. Over the past several years the Court has addressed the evidence in this case on numerous occasions. The facts are complex. The claim is not frivolous. The other Defendants have settled in the face of the Plaintiff's evidence. The Defendant has offered nothing to show that the claim against him is any different or that the amount of the default judgment is something different from what he would otherwise be adjudicated to owe. For all of these reasons, the Defendant has failed to show good cause for setting aside his default and the default judgment. Accordingly, the Defendant's motion will be denied.

The Court now turns to the Relator's motion for attorneys' fees and expenses. A relator who prevails in a False Claims Act action against a defendant "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorney's fees and costs. All such expenses, fees, and costs *shall* be awarded against the defendant." 31 U.S.C. § 3730(d)(2) (emphasis added). While the statute is clear that the Court must award fees and expenses against Timpson, the statute is silent as to the method for doing so. In light of this, the Relator suggests, and the Court agrees, that apportioning Relator's fees and

expenses among the defendants, based upon work performed pertinent to any such defendant, is appropriate. The Court disagrees, however, with the apportioning method employed by Relator.

In this matter, Relator's fees and expenses should be broken down in the following manner: (1) where Relator expended time in prosecuting her case against all defendants, her fees and expenses resulting therefrom must be apportioned equally among them; (2) Relator's expenditures that pertain to a defendant or defendants other than Timpson should not be taxed to Timpson; and (3) Timpson should be solely liable for any work performed by Relator pertaining solely to him.

Relator is seeking attorney's fees in the amount of $53,794 which results from 206.9 hours of work at a billing rate of $260 per hour. The Court finds the number of hours worked to reflect a reasonably efficient expenditure of time in performing the legal services necessary, and that counsel's $260 per hour rate to be reasonable compared to the prevailing hourly rates in this jurisdiction.

As disclosed in Relator's itemized billing, however, these 206.9 hours of work are not solely attributable to Timpson. [Doc. 434-1 at 3-4]. The Court must therefore determine Timpson's proper share. Relator's itemization billing discloses that the total amount of attorney time attributable to this case

was 404.4 hours (206.9 + 197.5 hours worked on tasks not related to the claims against Defendant Timpson). [Id. at 4; 10]. Of this total, 181.3 hours can be attributable to work on claims against the eight individual defendants[2] collectively (which includes Timpson), and 25.6 hours can be attributed to the claim against only Timpson. Relator settled this matter with the other defendants who agreed to pay attorney's fees in the total amount of $43,000 (significantly below the value of the total time expended). [Doc. 434 at 3 n.1].

Considering that the claim against Defendant Timpson is such a small portion of the overall group of claims presented in this matter, the Court will allow the Relator to recover from Defendant Timpson a pro rata share of the fees that arose from the claims against all of the Defendants. Since counsel expended a total of 181.3 hours on those combined claims, allocating a pro rata share to Defendant Timpson holds him responsible for 22.7 hours of those services (1/8 of 181.3 hours). In addition, Defendant Timpson is responsible for all the fees attributable to the hours spent working exclusively on the claims against him. Therefore, an additional 25.6 hours of Relator's counsel's time is attributable to Defendant Timpson. Therefore, the Court

---

[2] The Court does not count the official capacity claims separate from the claim against the entity for whom such official was the responsible party.

will award attorney's fees against Defendant Timpson in the amount of $12,558.00 ((22.7+25.6) x $260/hour = $12,558.00)

Further, the Court will apply this same method to Relator's request for non-taxable litigation expenses. Relator is seeking expenses in the amount of $3,857.73. [Doc 434-1 at 4]. This figure divided by eight equals $484.22. The Court will award this lesser amount.

## ORDER

**IT IS, THEREFORE, ORDERED** that Relator Wilson's Motion for Attorney's Fees and Nontaxable Litigation Expenses against Defendant William Timpson [Doc. 434] is hereby **GRANTED**, and Defendant William Timpson's pro se motion [Doc. 436] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Relator, on behalf of the United States, shall have and recover of Defendant Timpson attorney's fees in the amount of $12,558.00 and nontaxable litigation expenses in the amount of $484.22.

**IT IS SO ORDERED.**

Signed: July 8, 2016

Martin Reidinger
United States District Judge

11